**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-21-MR
(Criminal Case No. 1:05-cr-32-MR-1)**

| | | |
|---|---|---|
| PAUL BUCKNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, [Doc. 1], on Petitioner's Motion to Appoint Counsel, [Doc. 2], and on the Government's Response in Opposition re Motion to Vacate, Set Aside, or Correct Sentence, [Doc. 4]. Petitioner seeks relief from his sentence on the basis of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

In its Response, the Government moves this Court to dismiss Petitioner's motion on the basis that the petition is untimely and because Petitioner waived his right to bring this challenge in his plea agreement.

# PROCEDURAL HISTORY

On April 4, 2005, the Grand Jury for the Western District of North Carolina indicted Petitioner and co-Defendant Victor Flores. [Case 1:05cr32, Doc. 1; Indictment]. Specifically, Petitioner was charged with bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a) and 2 (Count One); armed bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(d) and 2 (Count Two); possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Five). [Id., Doc. 1]. On June 17, 2005, Petitioner entered into a written plea agreement, pleading guilty to the bank robbery and firearms offenses charged in Counts One and Three, in exchange for the Government's agreement to dismiss the 18 U.S.C. §§ 2113(d), 2, and 922(g) offenses charged in Counts Two and Five. [Id., Doc. 18 at 1, 5: Plea Agreement]. As part of the plea agreement, Petitioner agreed to waive his right to appeal and any right to challenge his conviction or sentence in a post-conviction motion, except on the bases of ineffective assistance of counsel or prosecutorial misconduct. [Id.].

On June 21, 2005, this Court, the Honorable Dennis L. Howell presiding, conducted a plea colloquy in accordance with Federal Rule of Criminal Procedure 11, during which Petitioner affirmed that he understood the elements of the offenses to which he was pleading guilty, that he understood the maximum penalties he faced, that he was in fact guilty of the offenses charged in Counts One and Three, and that he knowingly and voluntarily agreed to waive his right to appeal and any right to challenge either his conviction or his sentence in any post-conviction action, except on the bases of ineffective assistance of counsel or prosecutorial misconduct.  [Id., Doc. 31 at 15-18, 22-24: Rule 11 Tr.; see also id., Doc. 21: Acceptance and Entry of Guilty Plea].  At the conclusion of the hearing, the Court found Petitioner's plea to have been knowingly and voluntarily entered.  [Id., Doc. 31 at 26: Rule 11 Tr.].

In the Presentence Investigation Report (PSR) prepared before sentencing, the probation officer concluded that Petitioner qualified as a career offender pursuant to U.S.S.G. § 4B1.1 based on his prior convictions for possession with intent to sell/distribute marijuana, misdemeanor assault on a government official, and felony breaking and entering.[1]  See [Id., PSR at 8].  Petitioner lodged objections to the career-

---

[1]  Petitioner had an astounding 66 criminal history points.  Thus the determination that

offender determination, arguing that the breaking-and-entering conviction and his conviction for misdemeanor assault on a government official did not qualify as adequate predicate convictions. See [Id., Doc. 32 at 3-6: Sentencing Tr.].

Petitioner was sentenced on April 26, 2006. See [Id., Doc. 32]. The Court overruled Petitioner's objection and held that Petitioner's 1997 conviction for breaking and entering qualified as a predicate offense for designating him as a career offender. [Id., Doc. 32 at 11-18]. Based thereon the Guideline Range was determined to be 262 to 327 months' imprisonment fpr the two counts pursuant to USSG §4B1.1(c)(3). The Court then sentenced Petitioner to a total of 290 months in prison. [Id., Doc. 32 at 20]. Judgment was entered on May 11, 2006. [Id., Doc. 25: Judgment]. Petitioner filed a notice of appeal that same date. [Id., Doc. 26: Notice of Appeal].

On appeal, Petitioner argued that this Court (1) erroneously determined that he was a career offender pursuant to a preponderance of the evidence standard and (2) imposed an unreasonable sentence. On November 21, 2006, the Fourth Circuit granted the Government's motion to dismiss the appeal. [Id., Doc. 38: United States v. Buckner, No. 06-4525 (4th Cir.

---

he was a Career Offender did not impact his Criminal History Category, which was VI in any event. [1:05cr32, Doc. 18, PSR at 30].

2006)]. The Supreme Court denied Petitioner's petition for certiorari on March 19, 2007. <u>Buckner v. United States</u>, 549 U.S. 1298 (2007) (No. 06-9439).

Nearly six years later, on January 23, 2013, [2] Petitioner filed the instant motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, arguing that he is entitled to relief in light of <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2577, 2581 (2010), and the Fourth Circuit's en banc decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), because his prior North Carolina conviction for possession with intent to sell/deliver marijuana did not carry a sentence of more than one year.

Petitioner also alleges that his sentence was improperly calculated pursuant to 21 U.S.C. § 851 and that the Government failed to file the appropriate "information" of his prior convictions prior to entry of his guilty plea. Finally, Petitioner claims that he is entitled to "equitable tolling" or that his one-year statute of limitation period should run from August 17, 2011, the date of the Fourth Circuit's decision in <u>Simmons</u>.

---

[2] Petitioner states in the motion to vacate that he placed the petition in the prison mailing system on February 13, 2012, which was almost a year before the petition was received for filing by this court. However, the postmark date on the envelope in which the petition was mailed bears the date January 17, 2013. [Doc. 1 at 14]. Even if the Petition were deemed to be filed on February 13, 2012, the petition is still untimely.

## STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. <u>See</u> <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

As a preliminary matter, the Court determines that Petitioner's Motion to Appoint Counsel must be denied. The Court observes that there is no constitutional right to counsel in post-conviction proceedings. In a Standing Order dated May 22, 2012, this Court appointed the Federal Defenders of the Western District of North Carolina (FDWNC) to determine whether prisoners such as Petitioner may qualify for post-conviction relief under <u>Simmons</u> and, if so, to assist in obtaining such relief. The Federal Defenders Office has reviewed this and other cases and has made no filing indicating that Petitioner is entitled to relief under <u>Simmons</u>. As such, Petitioner has had the assistance of counsel with regard to the precise

issue he seeks to raise herein, notwithstanding the absence of any constitutional right to such assistance. Therefore, Petitioner's Motion to Appoint Counsel is denied.

With regard to the merits of Petitioner's claim, the first issue is the timeliness of Petitioner's filing. On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f)     A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's judgment became final on March 19, 2007, when

the Supreme Court denied the petition for writ of certiorari by Petitioner. Because Petitioner did not file his motion to vacate until January 23, 2013, his motion is untimely under Section 2255(f)(1).  Petitioner concedes that he did not file the § 2255 petition within one year of the date on which his conviction became final.   Petitioner argues, however, that the petition is timely under § 2255(f)(4), which provides that a petition may be filed within one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).   Petitioner asserts that the holding in Simmons that the predicate felony used to support his enhanced sentence is no longer a qualifying felony constitutes a new "fact," triggering the re-opening of the one-year time period.   "Facts" as used in § 2255(f)(4), however, refers to an actual or alleged event or circumstances, not to the date a petitioner recognizes its legal significance.   See United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005).   Section 2255(f)(4), therefore, may not be used to re-open the time period for filing an initial § 2255 petition on the basis of new legal authority; rather "subsequent interpretations of the law 'can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3).'"[3]   Sun Bear v. United States, 644

---

[3] Section 2255(f)(3) is inapplicable because decision in Simmons cannot be the

F.3d 700, 702 n.5 (8th Cir. 2011) (en banc) (quoting district court opinion).

Petitioner does not allege that he recently discovered any new facts pertinent to his claim for relief under Simmons. Instead, Petitioner relies entirely on the change in the law that Simmons recognized. Because § 2255(f)(4) does not serve to re-open the time period for filing an initial § 2255 under these circumstances, it does not render Petitioner's motion timely. Accord McLeod v. United States, No. 5:12cv622, 2013 WL 831633 (E.D.N.C. Mar. 6, 2013) (petitioner's motion to vacate seeking Simmons relief was not timely under Section 2255(f)(4)). In sum, Petitioner's motion to vacate is time-barred.

Finally, even if this Court were to apply equitable tolling Petitioner would still not be entitled to Simmons relief because Petitioner received a sentence that was less than the statutory maximum sentence allowed even without the sentencing enhancement.[4]  See United States v. Powell, 691

---

triggering event because it is not a decision of the Supreme Court. If the Petitioner were to assert that the Supreme Court's decision in Carachuri-Rosendo were the triggering event, Petitioner's filing was untimely because he filed 2½ years after that holding. Section 2255(f)(3) avails Petitioner nothing.

[4] Respondent contends, further, that even if the petition were timely Petitioner would not be entitled to relief for two additional reasons. Respondent contends first that, even without the conviction for possession with intent to sell/distribute marijuana, Petitioner still has two prior felony convictions for crimes of violence that qualify him as a career offender pursuant to U.S.S.G. § 4B1.1. Respondent also contends that Petitioner's claim of an incorrect sentence calculation pursuant to 21 U.S.C. § 851 has no merit. According to Respondent, because Petitioner was not charged in the indictment with any violation of 21 U.S.C. § 841, § 851 is therefore inapplicable to the calculation of his

F.3d 554, 563 n.2 (4th Cir. 2012) (King, J., dissenting in part and concurring in the judgment in part).

In addition to the fact that the 2555 petition is time-barred and without merit, Petitioner's Simmons claim is subject to dismissal because he waived his right to bring this challenge in his plea agreement. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading

---

sentence. With respect to Respondent's contention that Petitioner still has two prior felony convictions for crimes of violence that qualified him as a career offender, the Government appeared to concede at sentencing that one of these two convictions—misdemeanor assault on a government official—did not qualify as a predicate felony. See [Id., Doc. 32 at 7-8: Sentencing Tr.]. Regardless, for the other reasons stated herein, Petitioner would not be entitled to relief even if his petition were timely.

guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. His petition does not present either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, neither of the exceptions to his waiver applies, and his motion to vacate would be subject to dismissal even if it were not time-barred.

In conclusion, because Petitioner's § 2255 motion is time-barred, and because Petitioner knowingly and voluntarily waived his right to bring this challenge as part of his plea agreement, the Court dismisses his motion to vacate.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. <u>See generally</u> 28 U.S.C. § 2253(c)(2); <u>see also</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (<u>citing</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. <u>Slack v.</u>

McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS THEREFORE ORDERED** that Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, [Doc. 1], is **DENIED** and **DISMISSED** with prejudice as untimely.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel, [Doc. 2], is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

Signed: June 15, 2013

Martin Reidinger
United States District Judge